# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE DIVISION

CASE NO.:

AMY BETH GREER,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, AMY BETH GREER (*hereinafter* PLAINTIFF), by and through the undersigned counsel, and sues the Defendant, THE UNITED STATES OF AMERICA (*hereinafter* USA), and alleges as follows:

### Jurisdiction, Venue, and the Parties

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b)(1).

2. Venue is proper in the United States District Court for the Southern District of Florida, Fort Lauderdale Division under 28 U.S.C. § 1402(b) because the incident which is the subject of this Complaint occurred in the greater Fort Lauderdale area, Florida and the Plaintiff resides in the greater Fort Lauderdale area, Florida.

3. At all times material hereto, the Plaintiff was a natural person residing in in the greater Fort Lauderdale area, Florida and is otherwise *sui juris*.

4. Upon information and belief, on June 8, 2020, FRISNEL SIMPREVIL (hereinafter SIMPREVIL):

    a. Resided in the greater Fort Lauderdale area, Florida;

    b. Continues to reside in the greater Fort Lauderdale area, Florida;

    c. Is *sui juris*;

    d. Was and remains employed by the United States Army which is a federal agency pursuant to 28 U.S.C. § 2671;

    e. Was and remains an employee of the government pursuant to 28 U.S.C. § 2671; and

    f. Was acting within the scope of his employment pursuant to 28 U.S.C. § 2671.

5. United States of America is a sovereign nation and is the proper defendant for torts alleged through the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

6. Pursuant to the Federal Tort Claims Act, the PLAINTIFF presented her claim to the appropriate federal agencies for administrative resolution and PLAINTIFF's claim was denied on January 11, 2022. This action is timely pursuant to 28 U.S.C. § 2401 in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of the denial.

### Background Facts

7. On or about June 8, 2020, PLAINTIFF was driving a 2017 Kia Optima bearing Florida license plate number EJQT63 (*hereinafter* Plaintiff's Vehicle) southbound on N.W. 31st Avenue attempting to make a left turn eastbound onto N.W 19th Street.

8. On or about June 8, 2020, SIMPREVIL was the operator of a 2019 Chevrolet Cruze which was an official government vehicle owned by the US

Government bearing the license plate number G13333IP (*hereinafter* USA's Vehicle) northbound on N.W. 31st Avenue approaching the intersection of N.W 19th Street.

9. PLAINTIFF's traffic control light turned to a green arrow which allowed PLAINTIFF to make a protected left turn eastbound onto N.W. 19th Street.

10. At the same time as PLAINTIFF was making the left turn with a green arrow, SIMPREVIL while operating the USA's Vehicle at a high rate of speed violated the traffic control red light and collided the USA's Vehicle into the Plaintiff's Vehicle.

11. SIMPREVIL, acting as an employee of the USA within his scope of his employment, negligently caused the motor vehicle collision described above.

## COUNT I: NEGLIGENCE

12. Plaintiff hereby adopts and incorporates the allegations set forth in Paragraphs 1–11 of the Complaint as if fully set forth herein.

13. The USA owed a duty to Plaintiff to operate the USA's Vehicle in a safe and reasonable manner in compliance with governing traffic laws.

14. The USA, through its employee SIMPREVIL, breached that duty and was negligent in his actions and/or omissions in operating the USA's Vehicle. Specifically, said negligence is, but is not limited to, the following:

    a. Failing to obey the traffic control light;

    b. Driving the USA's Vehicle at a high rate of speed;

    c. Failing to stop or appropriately apply the brakes before impacting the Plaintiff's Vehicle;

    d. Failing to take a proper evasive action;

    e. Failing to avoid the motor vehicle accident;

      f.  Failing to maintain a proper look-out; and

      g.  Failing to operate the USA's Vehicle in a reasonably attentive manner.

15.    The USA's, through its employee SIMPREVIL's, acts and/or omissions constitute a failure to use due care as described above. The USA's, through its employee SIMPREVIL's, failure to use due care was the direct and proximate cause of PLAINTIFF's injuries and damages. The USA is therefore liable to PLAINTIFF for her personal injuries and damages sustained as a result of the USA's negligence.

16.    As a direct and proximate result of the negligence of the USA, the PLAINTIFF suffered severe bodily injury and resulting pain and suffering, disability, disfigurement, aggravation of a prior condition, mental anguish, loss of capacity for the enjoyment of life, incurred expenses of hospitalization and medical and nursing care treatment, loss of earnings, loss of employment benefits, and loss of the ability to earn money.  The injuries are either permanent or continuing in nature and the Plaintiff will suffer the losses and impairment into the future.

WHEREFORE, the PLAINTIFF demands judgment against the USA for bodily injury and resulting pain and suffering, disability, disfigurement, aggravation of a prior condition, mental anguish, and loss of capacity for the enjoyment of life; for all medical and incidental expenses according to proof; for all loss of earnings, loss of employment benefits, and loss of earnings capacity; for costs of suit incurred in connection with this action; and for such other and further relief as the Court may deem proper.

Respectfully submitted,

**THOMPSON LEGAL P.A.**
*Counsel for Plaintiff*
5989 Stirling Road
Davie, FL, 33314
Phone: 954-510-3366
Fax: 954-944-1888

<u>*/s/ Stephanie Taylor*</u>
Steve Thompson, Esq.
FL Bar No. 066269
Stephanie Taylor, Esq.
FL Bar No. 91233
Email: Pleadings@ThompsonLegalFL.com